# United States District Court

for the

## Eastern District of Tennessee

U.S.A. vs. Makenna Faye Patty                    Docket No. 3:25-CR-00136-03

### Petition for Action on Conditions of Pretrial Release

COMES NOW Katie Adams Walker, United States Probation Officer, presenting an official report upon the conduct of defendant Makenna Faye Patty, who was placed under pretrial supervision by The Honorable Debra C. Poplin, United States Magistrate Judge, sitting in the Court at the Eastern District of Tennessee, on December 17, 2025, under the following conditions:

(1)     The defendant must not violate federal, state, or local law while on release.

(2)     The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

(3)     The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4)     The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

(5)     The defendant must sign an Appearance Bond, if ordered.

7(a)    The defendant must submit to supervision by and report for supervision to the United States Probation Office, as directed.

7(b)    The defendant must continue or actively seek employment.

7(e)    The defendant must not obtain a passport or other international travel document.

7(f)    The defendant must abide by the following restrictions on personal association, residence, or travel: Eastern District of Tennessee unless permission is granted by the supervising officer or Probation Office.

7(g)    The defendant must avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including co-defendants.

7(h)    The defendant must get medical or psychiatric treatment: Participate in mental health treatment and follow all recommendations of the treatment provider. The defendant must sign a release of information, so communication can be had between USPO and the treatment provider.

7(k)    The defendant must not possess a firearm, destructive device, or other weapon.

7(l)    The defendant must not use alcohol at all.

7(m)    The defendant must not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

7(n)    The defendant must submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.

7(o)    The defendant must participate in a program of inpatient or outpatient substance use treatment if directed by the pretrial services office or supervising officer.

7(r)    The defendant must report as soon as possible, to the pretrial services or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

7(s)    The defendant must comply with all instructions from the supervising officer. Truthfully answer all inquiries from supervising officer. Reside at and comply with the rules of Cornerstone of Recovery. Upon release from Cornerstone, the defendant must transition to a sober/transitional living program, which must be pre-approved by the U.S. Probation Office or the Court. The defendant must reside at and comply with the rules of the pre-approved sober/transitional living program until granted permission to leave by the U.S. Probation Office or the Court.

**Respectfully presenting Petition for Action of Court and for cause as follows:**

On December 17, 2025, Makenna Faye Patty was released on bond with conditions by United States Magistrate Judge Debra C. Poplin.

Upon her release from custody on December 17, 2025, the defendant immediately entered Cornerstone of Recovery's inpatient substance abuse treatment program in Louisville, Tennessee. On January 15, 2026, defendant Patty successfully completed Cornerstone of Recovery's program, and she immediately transitioned into Knox Area Rescue Ministries' (KARM) Serenity Ministries program, which is an 18–24-month residential alcohol and drug recovery program.

On March 2, 2026, this officer received a phone call from the defendant's Care Coordinator, Sabrina Langham, at Serenity Ministries. Ms. Langham advised the day before (March 1, 2026) defendant Patty was observed smoking a vape, which is against program rules. Subsequently, the defendant was drug screened by the program and tested positive for tobacco. The program initiated

internal sanctions. Defendant Patty admitted to this officer she had smoked a vape, and she knew it was against program rules.

On March 30, 2026, this officer received a phone call from Ms. Langham, and she advised yesterday afternoon a program participant reported to Serenity Ministries' staff that defendant Patty had a vape concealed in her room and had been ingesting unknown pills that were also concealed in her room. Additionally, the participant advised she had provided defendant Patty with urine, so the defendant could pass her drug screens. According to Ms. Langham, staff members have been attempting to obtain a drug screen from the defendant since yesterday (March 29, 2026) afternoon; however, thus far, they have been unsuccessful, as defendant Patty has refused to provide a urine sample. Based on her continued violations of program rules, Ms. Langham indicated the defendant would be discharged from the program.

Based upon the above information, it would appear Ms. Patty is in violation of her pretrial release conditions.

## PRAYING THAT THE COURT WILL ORDER

A warrant be issued, and a hearing be scheduled for the Court to determine why the defendant's bond supervision should not be revoked.

This Petition is to be placed under seal until the defendant is served or appears in Court.

ORDER OF COURT

Considered and ordered this 30th day of March, 2026, and ordered filed and made a part of the record in the above case.

_Debra C. Poplin_
**The Honorable Debra C. Poplin**
**United States Magistrate Judge**

I declare that under penalty of perjury that the foregoing is true and correct.

Respectfully,

_Katelynn Ado Walker_
Katie Adams Walker
United States Probation Officer

Approved by:

_Travis Worthington_ 3/30/2026
R. Travis Worthington                Date
Supervising United States Probation Officer